ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
HEATHER C. GORMAN (Cal. State Bar No. 258920)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0334
    Facsimile: (213) 894-0141
    Email:     heather.gorman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>CIRILA DE LOURDES REYES-BERNAL,<br><br>       Defendant. | CR No. 10-1365-R<br><br><u>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE</u><br><br>TRIAL DATE: March 8, 2011<br>TRIAL TIME: 9:00 a.m. |

    On February 18, 2011, the Motion to Suppress Evidence, filed by defendant Cirila de Lourdes Reyes-Bernal, came on for hearing. Defendant appeared with her counsel of record and a Spanish language interpreter. Also present were counsel for the United States, Border Patrol Agent Johnny Gonzales, and Special Agent Matthew Sugiyama of the Drug Enforcement Agency.

    After carefully considering the files and records of this case, and the testimony and arguments put forth at the hearing, the Court orally denied defendant's Motion to Suppress Evidence.

This Order supplements the Court's oral ruling.  In connection with this Order, the Court makes the following Findings of Fact and Conclusions of Law.

**<u>FINDINGS OF FACT</u>**

THE COURT FINDS that Border Patrol Agent Johnny Gonzales had reasonable suspicion to stop defendant's vehicle based on the following facts:

    1.    United States Border Patrol Agent Johnny Gonzales properly followed defendant's vehicle on Interstate 15 after he saw defendant quickly change lanes and slow down after she passed Agent Gonzales in his marked Border Patrol vehicle.

    2.    Agent Gonzales properly observed defendant's behavior while Agent Gonzales followed defendant in her vehicle. Specifically, Agent Gonzales noted that defendant repeatedly looked for Agent Gonzales in her mirrors, appeared nervous, and refused to look at Agent Gonzales when he pulled up next to her.

    3.    Prior to pulling over defendant's vehicle, Agent Gonzales became aware of additional information about defendant and defendant's vehicle from Automated Targeting System ("ATS") records.  Agent Gonzales learned that there was an "alert" in defendant's border crossing file, which meant that there was heightened suspicion that defendant or the vehicle that she was driving may be involved in illegal activity.  Agent Gonzales also knew that the vehicle defendant was driving had crossed the Calexico border three other times that week and that defendant had crossed the border 10 times in multiple vehicles over the previous 90 days.

4. Once defendant reached the Interstate 15 Border Patrol checkpoint, Agent Gonzales pulled over defendant's vehicle based on Agent Gonzales's observations of defendant and the information that he knew about defendant and her vehicle from the ATS records.

5. Once defendant was stopped, defendant voluntarily gave Agent Gonzales consent to conduct a dog sniff of the vehicle and a ZBV x-ray scan of the vehicle.

6. Defendant was aware of her rights. Defendant received the <u>Miranda</u> warnings, acknowledged that she understood her rights, and waived her rights before speaking to law enforcement. There is nothing in the record to suggest that defendant did not understand her rights or that she did not waive them knowingly, voluntarily, or intelligently.

**CONCLUSIONS OF LAW**

1. Agent Johnny Gonzales had reasonable suspicion to stop defendant's vehicle on December 11, 2010.

2. Defendant voluntarily consented to the search of her vehicle, including the dog sniff and the ZBV x-ray scan.

3. Defendant knowingly, voluntarily, and intelligently agreed to be interviewed by law enforcement.

///
///
///
///
///
///
///

**ORDER**

Based on the foregoing, it is hereby ORDERED that defendant's Motion to Suppress Evidence is DENIED.

IT IS SO ORDERED.

February 24, 2011
DATE

THE HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____/s/_____
HEATHER C. GORMAN
Assistant United States Attorney